### WALKER, In Re Bankruptcy.

In the District Court of the United States for the Northern District of Ohio Eastern Division.

No. 66547.   Decided March 7, 1950.

Frank S. Culp, Mansfield, for trustee.
Marriott & Freehafer, Mansfield, for bankrupt.
W. L. Metzger, Columbus, for Veteran's Administration.

### MEMORANDUM OF REFEREE

By WOODS, Referee.

Bankrupt is a porcelain enameler, a World War II veteran, married, father of three children; and claims as exempt his dividend under his National Service Life Insurance Policy, being a check for $121 received by him from the Veteran's Administration. At the hearing herein, the check was delivered to Joseph H. Ellison, trustee in bankruptcy, who holds it awaiting the determination of the Bankruptcy Court as to his right to have the check, known as a benefit, as exempt under the provisions of the Bankruptcy Law.

Exemptions to bankrupts are allowed which are prescribed by the laws of the United States or by the State Law in force at the time of the filing of the petition, Bankruptcy Act, Sec. 6; and the decision of the State Courts is followed by the Bankruptcy Court in the interpretation of the State Exemption Laws when determining exemptions as authorized in Sec. 2 (11).

Sec. 11738 GC provides that the head of a family may hold as exempt in lieu of a homestead $500 in value, but that such exemptions shall not be made or allowed "from money,

salary or wages due to him from any person, partnership or corporation". The question is whether this benefit received by him as a veteran under his National Service Life Insurance policy is an exemption within the above language.

In Ohio it was held that a bank account constituted money due and therefore could not be claimed as an exemption under Sec. 11738 in **Morris Plan Bank v. Viona,** (1930) **122 Oh St 28.** This does not determine the question presented whether a veteran's benefit from a National Service Life Insurance Policy comes within the expression "money, salary or wages due him from any person, partnership or corporation". It appears that a question was determined in Ohio as to United States Government Bonds in the Court of Appeals of Wayne County in **Trautman v. Eichar,** (1940) **64 Oh Ap 415,** where a judgment debtor claimed a Government Bond as exempt in lieu of a homestead, under the above section.

While the question here concerns a benefit to bankrupt from his veteran's life insurance policy it would appear that the decision of an Ohio Court of Appeals is in point. As a matter of public policy a statute which grants exemptions to a head of a family should receive "as liberal a construction as can be fairly given to it". As Judge Doyle said on page 421 in the above case:

"The words 'person or corporation' do not in their ordinary signification mean a sovereign government. And in giving a liberal construction to the exemption statutes in favor of the exemption claimant, we find no ground to justify an extension of the ordinary meaning of the words used."

The court sustained the right of the judgment debtor to hold in lieu of a homestead the Government Bond issued in her name in the amount of $500. Such was the holding of this Referee In Re Lawrence Keith Cullen, No. 61224, a bankruptcy case in this court. This disposes of the question of Government Bonds as exempt under the Ohio Statute and would seem persuasive in the case at bar.

The Congress has also enacted the statute as to the exempt status of benefits to a veteran under his life insurance policy. Section 616, National Service Life Insurance Act, as amended, (Section 816, Title 38, U. S. C. A.), provides in part that:

"The provisions of Public Law Numbered 262, Seventy-fourth Congress, approved August 12, 1935 (49 Stat. 607), and titles II and III of Public Law Numbered 844, Seventy-fourth Congress, approved June 29, 1936 (49 Stat. 2031), insofar as

they are applicable, shall apply to the provisions of this part: * * *."

Section 3 of Public Law 262, 74th Congress, (Section 454a, Title 38, U. S. C. A.), contains the following:

"Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. * * *."

Counsel for bankrupt and the solicitor of the Veteran's Administration urge that under said statutes dividends payable on policies of National Service Life Insurance are benefits and "under any of the laws relating to veterans", within the meaning of Section 3 of Public Law 262, supra.

Thus upon consideration of the Ohio Law on exemptions and the Federal statutes as to veteran's benefits, it would appear that the rule to be applied is that said dividend payable to this bankrupt is exempt and an order to that effect should be entered.

This conclusion is supported by the recent case of Wissner v. Wissner, 94 Law Ed. U. S. Supreme Court 332, decided February 6, 1950, where the court reversed a California Court which had held that a veteran's widow was entitled to the half of the proceeds of her husband's veteran's insurance as community property. While the question of community property seemed to be the main issue, what the Court stated about exemptions to veterans under the Federal Statute is pertinent here, for Mr. Justice Clark said:

"The judgment under review has a further deficiency so far as it ordered the diversion of future payments as soon as they are paid by the Government to the mother. At least in this respect, the very payments received under the policy are to be 'seized' in effect, by the judgment below. This is in flat conflict with the exemption provision contained in 38 USCA Sec. 454a, FCA title 38, Sec. 454a, made a part of this Act by 38 USCA Sec. 816, FCA title 38, Sec. 816: Payments to the named beneficiary 'shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary * * *.' "

The interest of a Federal Service employee in the Federal Retirement System, In Re Barry (D. C. N. Y. 1943) 52 Fed. Sup. 492, 55 ABRNS 515 was held exempt. Another recent case involving Sec. 454a is that of Pishue v. Pishue (Wash. 1949) 203 P 2d 1070, where in a divorce case the State Supreme Court held the rights of a veteran to a fund furnished under the Veteran's Administration as a disability allowance to an incompetent veteran to be exempt.

This dividend or the "benefits" from the National Service Life Insurance Policy of the veteran should be held to be exempt and an order may be entered to that effect.